ROY B. DALTON JR., United States District Judge
Before the Court is Plaintiff's Amended Motion for Court Determination Regarding Fair Use and Order to Show Cause. (Doc. 401 ("Motion ").) Defendants oppose. (Doc. 405.) On review, the Motion is due to be granted.
I. BACKGROUND
This case regards a lingering trademark dispute involving the band "The Commodores." (See Doc. 1.) On October 15, 2014, the Court entered a preliminary injunction, later converted into a permanent injunction ("Injunction "), that prohibited Defendants from using certain trademarks associated with the band, The Commodores (the "Marks "). (Doc. 56; see also Doc. 364.) Defendants were enjoined "from using any of the Marks at issue in a manner other than fair use, including performing *1249 under the name 'The Commodores featuring Thomas McClary' or 'The 2014 Commodores.' " (Doc. 56, p. 11.)
In response to the Injunction, Defendant Thomas McClary ("Mr. McClary ") began performing under the names "COMMODORES' Founder Thomas McClary" or "COMMODORES' founder Thomas McClary" (collectively, "Revised Band Name "). (See Doc. 370, ¶¶ 18, 33.) On Plaintiff's motion (id. ), the Court concluded that the Injunction enjoined Defendants' use of the Revised Band Name and required Defendants to revise their band name (Doc. 378, pp. 5-6). In doing so, the Court circumscribed the Injunction, permitting Mr. McClary to reference the Marks "in a historically accurate manner so long as: (1) Plaintiff's Marks are preceded by the reference; and (2) the Marks are not more prominent than other words contained in the band name." (Id. at 5 (emphasis in original).) The Court then provided two permissible band names: "Thomas McClary original founding member of the Commodores" and "Thomas McClary formerly of the Commodores" ("Suggested Band Names "). (Id. )
Now, Mr. McClary is apparently performing under the names "The Commodores experience featuring Thomas McClary," "Commodores' Experience starring Thomas McClary," "Commodore's Experience starring founder Thomas McClary," "The Commodore's Experience starring founder Thomas McClary," "Commodores Experience with Founder Thomas McClary," and "The Commodores Experience Thomas McClary Founder Of The Commodores" (collectively, "Commodores Experience Band Names "). (See Doc. 401, ¶¶ 24-33; see also Docs. 401-1, 401-3.) And Plaintiff, yet again, sings a familiar tune-that is, Defendants' marketing of the Commodores Experience Band Names "is not within fair use, is not historically accurate, and is impermissible." (Doc. 401, ¶ 23.) Defendants counter, once again, that their use of the Commodores Experience Band Names does not infringe the Marks because it is fair use. (Doc. 405.) Because the motion has been fully briefed (see id. ), it is now ripe.
II. ANALYSIS
Plaintiff requests the Court to rule on whether Defendants' use of the Commodores Experience Band Names violates the doctrine of "fair use" and, thus, the Injunction. (Doc. 401, pp. 1-2.) If the Commodores Experience Band Names do not constitute fair use, Plaintiff requests that the Court order Defendants to show cause why they should not be held in civil contempt for violating the Injunction. (Id. at 2.)
A. Fair Use Determination
To set the stage, the Court distinguishes between two types of fair use-(1) "classic fair use," where "the defendant has used the plaintiff's mark to describe the defendant's own product," and (2) "nominative fair use," where "the defendant has used the plaintiff's mark to describe the plaintiff's product for the purposes of ... comparison to the defendant's product" ("NFU "). Cairns v. Franklin Mint Co. , 292 F.3d 1139, 1150 (9th Cir. 2002) (emphasis in original) (internal quotations omitted); see also 15 U.S.C. § 1115(b) (codifying the classic fair use defense). The NFU test is appropriate "where a defendant has used the plaintiff's mark to describe the plaintiff's product, even if the defendant's ultimate goal is to describe his own product. " Cairns , 292 F.3d at 1151 (emphasis in original). The two defenses are mutually exclusive and require separate analyses. See id. at 1150 (explaining the important differences between the two defenses). Here, the Court applies the NFU test because Mr. McClary uses Plaintiff's Marks to describe *1250 Plaintiff's band-the Commodores-while ultimately describing his own band. See id. at 1151-52.
To succeed on this defense, Defendants must establish that: (1) Plaintiff's product or service is not readily identifiable without use of the trademark; (2) Defendants used only so much of the mark as is reasonably necessary to identify the plaintiff's product or service; and (3) the user of the mark does nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. Id. at 1151.[1]
As before, even if the Court assumes that Plaintiff's Marks have no descriptive substitute and that Defendants have used only so much of the Marks as is necessary to identify Plaintiff's band, the Commodores Experience Band Names improperly suggest Plaintiff's endorsement of Mr. McClary's band. (See, e.g., Docs. 401-1, 401-3; see also Doc. 378, pp. 5-6.) Thus, Defendants have failed to satisfy the NFU test. By placing Plaintiff's Marks-"Commodores"-ahead of Mr. McClary's name and the other associational and historical language, Defendants have improperly suggested Plaintiff's endorsement of Mr. McClary's band. See Cairns , 292 F.3d at 1151.
Notwithstanding the Court's previous admonition concerning Mr. McClary's placement of "Commodores" before his own historical association, Defendants repeat the same trite refrain-that Mr. McClary may "accurately reference his historical affiliation with the Commodores." (Doc. 405, p. 10.); see also Commodores Entm't Corp. v. McClary , 879 F.3d 1114, 1138 (11th Cir. 2018) ("[T]he [I]njunction plainly allows McClary to use historically accurate names."). This argument strikes a false note.[2] Under the NFU test, a defendant is not entitled to any truthful, historical reference; rather, such a reference must precede the plaintiff's mark and the mark itself must not be more prominently featured than the associational language. Kassbaum v. Steppenwolf Prods. , 236 F.3d 487, 492-93 (9th Cir. 2000). It is clear that Mr. McClary intends "to uphold his notoriety as a Commodore" by making reference to his association with the famed group in his own band name. (See Doc. 56, p. 9.) He may do so by: (1) performing under one of the Suggested Band Names (see Doc. 378, p. 5); or (2) choosing a different name so long as the historically accurate reference precedes the Marks-that is, Mr. McClary's name or historical reference must come before reference to the "Commodores."
B. Civil Contempt
Because the Court deems Defendants' use of the Commodores Experience Band Names as violating the Injunction, the Court turns to Plaintiff's request that Defendants show cause why they should not be held in civil contempt for violating the Injunction. (Doc. 401, pp. 14-21.) A court's injunctions are indeed enforced *1251 through the trial court's civil contempt power. Reynolds v. Roberts , 207 F.3d 1288, 1298 (11th Cir. 2000). A civil contempt proceeding is initiated when a plaintiff files a motion for an order to show cause as to why the defendant should not be held in civil contempt. See Newman v. Alabama , 683 F.2d 1312, 1318 (11th Cir. 1982). If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in civil contempt. Roberts , 207 F.3d at 1298. Contrary to Defendants' argument (Doc. 405, p. 6), Plaintiff has stated a case of non-compliance based on Mr. McClary's use of the Commodores Experience Band Names. See Roberts , 207 F.3d at 1298. Indeed, the Commodores Experience Band Names stand in direct contradiction to the Court's previous order concerning acceptable band names. (See Doc. 378, p. 5.) Hence Plaintiff's requested relief is due to be granted.
III. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED as follows that:
1. Plaintiff's Motion for Court Determination Regarding Fair Use and Order to Show Cause Regarding Defendants' Use of "The Commodores Experience Featuring Thomas McClary" (Doc. 401) is GRANTED .
2. On or before Friday, July 13, 2018 , Defendants are DIRECTED to:
a. Revise Mr. McClary's band name consistent with this Order and provide written certification of the same to the Court.
b. To SHOW CAUSE by written response why they should not be held in civil contempt for failure to abide by the Injunction (Doc. 56) and the November 15, 2016 Order (Doc. 378).
3. Upon receipt of Defendants' response, the Court will determine if a hearing on the matter is necessary.
DONE AND ORDERED in Chambers in Orlando, Florida, on June 13, 2018.

Although both parties brief the classic fair use defense, the Court finds it unnecessary to address this defense because a "classic fair use analysis is appropriate where a defendant has used the plaintiff's mark only to describe his own product, and not at all to describe the plaintiff's product. " Cairns , 292 F.3d at 1151 (emphasis in original). Such is not the case here. See id. n.9 (providing an example of classic fair use).

Defendants point to the Eleventh Circuit's opinion as governing "the determination of fair use," and argue that the Eleventh Circuit has essentially blessed the use of the Commodores Experience Band Names. (See Doc. 405, pp. 3-5.) Not even close. The Eleventh Circuit refused to "enumerate which uses would be appropriate and which would fall into a forbidden zone." See McClary , 879 F.3d at 1138 ("We are not in the business of providing what amount to advisory opinions").